Filed 3/1/13  P. v. Arias CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057060 |
| v. | (Super.Ct.No. FWV1201589) |
| STEVEN ANTHONYARIAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Raymond P. Van Stockum, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Earll M. Pott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Steven Anthony Arias appeals after he pleaded guilty to one count of inflicting corporal injury on a spouse, cohabitant, or parent of his child.  He

1

was sentenced to the Department of Corrections and Rehabilitation for nine years, as a second-striker, with enhancements. He filed a notice of appeal. We affirm.

FACTS AND PROCEDURAL HISTORY

The record contains no factual summary of the charged offenses or the count to which defendant pleaded guilty. In July 2012, by a first amended complaint, defendant was charged with 11 offenses, including four counts of inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)), and charges of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), residential burglary (Pen. Code, § 459), vandalism, and drug or drunk driving offenses.

Before the preliminary hearing, defendant agreed to plead no contest to count 3, one of the corporal injury counts. Defendant also admitted a strike prior offense and a prior prison term offense (one of three alleged), as well as an enhancement allegation that he committed the offense (on or about June 3, 2012) while he had been released on bail or his own recognizance (OR). The remaining counts were dismissed, as well as two additional prior prison term allegations, and a great bodily injury allegation.

Defendant requested immediate sentencing, waiving a referral for a probation report. The court denied probation and sentenced defendant to the middle term of three years on count 3, doubled to six years as a second strike. The court imposed a term of two years for the bail enhancement, plus one year for the prior prison term enhancement, for a total prison term of nine years.

Defendant has appealed.

2

Defendant filed his notice of appeal and requested a certificate of probable cause, specifying the appellate issue as the inapplicability of the bail enhancement; that is, defendant asserted that he was not in fact on bail or OR release at the time of the charged offense.  The trial court granted the certificate of probable cause.

This court appointed counsel to represent defendant on appeal.  Appointed counsel has filed an opening brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, but raising no specific issues.  In these circumstances, the court is obliged to undertake a review of the entire record to determine whether any issues exist which would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*Anders*, at p. 744; *Wende*, at pp. 441-442; see also *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112 [Fourth Dist., Div. Two].)

Appointed counsel did identify four potentially arguable issues:  (1) whether the bail enhancement sentence was unlawful, because defendant now claims he was not on bail or OR release when the offense was committed; (2) whether defendant's admission in open court that the bail enhancement allegation was true was constitutionally valid; (3) whether there was a sufficient factual basis for the plea; and (4) whether the representation provided by defendant's trial attorney was constitutionally inadequate.

We have offered defendant an opportunity to file a personal supplemental brief, to bring to the court's attention any issues he believes should be addressed, but he has not done so.  Under authority of *People v. Kelly* (2006) 40 Cal.4th 106, we have undertaken

an independent review of the record and find no arguably meritorious issues, either among the issues suggested by appointed counsel (and the notice of appeal), or otherwise.

Although defendant afterward has contested the validity of the bail/OR enhancement, the record established a factual basis for the admission. (See *People v. Holmes* (2004) 32 Cal.4th 432, 443.) Defense counsel stipulated that there was a factual basis in the police report for the plea. We also note that, among the dismissed charges were another incident of corporal injury to defendant's girlfriend and a misdemeanor charge of vandalism at a motel, which had taken place about one month before the count to which defendant eventually pleaded guilty. These allegations are consistent with defendant's release on bail or OR, as he was manifestly not in custody when he committed the new offense a few weeks later. The pleadings, both the original complaint and the amended complaint, plainly set forth the allegation that defendant committed the offense in count 3 while he was out on bail or OR release. Defendant was therefore well aware of the allegation at all times before his plea, and never raised an objection to it. Defendant participated in plea negotiations, which expressly included a bargained-for admission of the bail/OR enhancement. Defendant readily and freely admitted the truth of the allegation in open court, after also stating to the court that he had a full opportunity to confer with counsel before entering the plea. The court fully advised defendant of his constitutional rights and of the consequences of his plea. The plea bargain included a no contest plea to a single count, in exchange for dismissal of many other charges and attendant allegations; there was a considerable tactical advantage to defendant in accepting the plea bargain as negotiated.

4

Under these circumstances, defendant's admission of the enhancement was supported by a sufficient factual basis (*People v. Holmes*, *supra*, 32 Cal.4th at p. 443), defendant received adequate notice and advisement (*Boykin v. Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d 122), the admission of the allegation was proper despite his later, unsupported, claim to the contrary, and his trial counsel was not constitutionally ineffective in having defendant admit this allegation as part of a highly advantageous plea bargain (see *People v. Scott* (1997) 15 Cal.4th 1188, 1212 ["If the record does not shed light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation"]).

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____<br>Acting P. J.

We concur:

MILLER_____<br>        J.

CODRINGTON_____<br>        J.